**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAD M. CARLSEN; SHASTA L. CARLSEN; CARL POPHAM; MARY POPHAM, husbands and wives, individually and on behalf of a class of similarly situated Washington families, | No. 10-35324<br><br>D.C. No. 2:09-cv-00246-LRS |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM[*] |
| GLOBAL CLIENT SOLUTIONS, LLC, an Oklahoma limited liability company; ROCKY MOUNTAIN BANK & TRUST, a Colorado financial institution, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted March 9, 2011
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants Global Client Solutions, LLC and Rocky Mountain Bank & Trust appeal the district court's denial of their motions to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we affirm.

We review de novo a district court's decision on a motion to compel arbitration, and we review the underlying factual findings for clear error. *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009). Under Washington law, whether there was mutual assent to be bound by a contract is generally treated as a question of fact. *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 n.10 (Wash. 2004).

The district court did not clearly err in finding that there was no agreement to arbitrate. The Special Purpose Account Application signed by Plaintiffs-Appellees, the Carlsens and the Pophams, did not contain an arbitration clause. The Account Agreement and Disclosure Statement contained an arbitration clause, but it was not sent to Plaintiffs until after they signed the Application, and the district court was not presented with evidence showing that the Agreement was reasonably available to them when they signed. *See Mattingly v. Palmer Ridge Homes, LLC*, 238 P.3d 505, 512 (Wash. Ct. App. 2010) ("Although 'parties have a duty to read the contracts they sign,' documents incorporated by reference usually must be reasonably available, at the least, so that the essentials of a contract can be

2

discerned by the signer." (quoting *Del Rosario v. Del Rosario*, 97 P.3d 11, 16 (Wash. 2004))); *W. Wash. Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*, 7 P.3d 861, 865 (Wash. Ct. App. 2000) ("[I]ncorporation by reference is ineffective to accomplish its intended purpose where the provisions to which reference is made do not have a reasonably clear and ascertainable meaning." (quoting 11 Richard A. Lord, *Williston on Contracts* § 30.25 (4th ed. 1999))).

Defendants' argument that Plaintiffs assented to arbitration through their conduct does not persuade us. The Application did not provide that Defendants could unilaterally add to or amend the contract terms, or specify that additional terms would be deemed accepted by conduct. Because we hold that the district court did not err in finding that there was no agreement to arbitrate, we need not consider alternative arguments raised by the parties.

**AFFIRMED**.